UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

KENNETH MOBLEY, a/k/a AMIR )
KENNETH MOBLEY ISMA EL, )
 )
    Plaintiff, ) Civil No. 5: 14-196-DCR
 )
V. )
 )
FAYETTE COUNTY DETENTION ) **MEMORANDUM OPINION**
CENTER, et al., ) **AND ORDER**
 )
    Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

Kenneth Mobley[1] is presently confined at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Mobley has filed a "Notice of Removal," a "Notice of Unlawful Action," and a "Motion to Challenge Jurisdiction." [Record Nos. 1, 2, 3] However, he neither paid the $400.00 in filing and administrative fees nor filed a motion to proceed *in forma pauperis*.

In his Notice of Removal, Mobley asserts that jurisdiction over this action is vested with the United States Supreme Court. Despite his contention, he also seeks to invoke this Court's removal jurisdiction under 28 U.S.C. § 1441, apparently seeking to remove "Case #14-CR-120-2" from the Fayette Circuit Court. [Record No. 1, p. 1] Mobley separately asserts a "Cause of

---

1     Mobley identifies himself as Amir Kenneth Mobley Isma El. [Record No. 1] However, the Account Activity Ledger he has provided indicates that his legal name is Kenneth Mobley [Record No. 1-2, p. 5], a name he has used in prior litigation before this Court. *See Moche' Isma El v. Commonwealth of Kentucky*, No. 5: 12-CV-207-WOB (E.D. Ky. 2012); *Mobley v. Kentucky District Court*, No. 5: 13-443-KSF (E.D. Ky. 2013). A plaintiff must litigate a case filed in federal court using his legal name. The Court therefore will direct the Clerk of the Court to modify the docket to identify Kenneth Mobley as the plaintiff's legal name, with Amir Kenneth Mobley Isma El included as an additional designation.

Action," which appears to involve the December 3, 2013, search of his apartment and his subsequent arrest by officers. He contends that these actions were improper because the officers did not have appropriate warrants. Mobley also complains regarding events occurring during his confinement, including a guard's alleged termination of a phone call with his attorney and his subsequent confinement in segregation. [*Id*. at 2] He further contends that the judges presiding over his criminal proceedings lack jurisdiction over him because, as a foreign sovereign, he is not subject to the laws of Kentucky or the United States. [*Id*. at 3-5; Record No. 1-1, pp. 1-2]

Mobley's Notice of Unlawful Action asserts that state officials violated the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), and 1602-1611, by referring to him as "Kenneth Mobley" notwithstanding his asserted right to choose his own name. Mobley contends that state case #14-CR-120-2 is therefore removable to this Court under 28 U.S.C. § 1441(d). [Record No. 2] Finally, in his Motion to Challenge Jurisdiction, Mobley argues that he cannot be prosecuted under, or made subject to, the laws of the United States or any of the several States because they do not apply to him. [Record No. 3, pp. 1-2]

Mobley's attempt to remove his state court criminal action pursuant to § 1441(d) is untenable. That section provides:

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(d). Case No. 14-CR-120-2 is a *criminal* action pending in Fayette Circuit Court. By its terms, § 1441(d) only permits the removal of state civil actions, not criminal actions. *Cf. Thompson v. Scutt*, No. 1:11-cv-573, 2011 WL 2745934, at *4-5 (W.D. Mich. July 13, 2011). More fundamentally, that section only permits removal of civil actions against a

"foreign state" as defined in 28 U.S.C. § 1603(a). Only a "foreign state" possesses standing to seek removal under this provision, something Mobley is not. *See United States v. Curtiss–Wright Export Corp.*, 299 U.S. 304, 318–19 (1936).

Simply put, this action is the latest attempt by Mobley to interfere with past and ongoing criminal and civil actions instituted against him by Kentucky officials. *See Mobley v. Kentucky District Court*, No. 5: 13-443-KSF (E.D. Ky. 2013); *Id.*, at Record No. 17, February 21, 2014, Order of Dismissal. However, Mobley has failed to establish any basis for this Court's jurisdiction. As a result, this action will be dismissed for lack of jurisdiction and remanded to the Fayette Circuit Court for further proceedings. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall modify the docket to identify the plaintiff as "Kenneth Mobley, a/k/a Amir Kenneth Mobley Isma El."

2. Mobley's Notice of Removal [Record No. 1] is **DISMISSED** for lack of jurisdiction, and this action is **REMANDED** to the Circuit Court of Fayette County, Kentucky.

3. The Clerk of Court shall forward a certified copy of this Order to the Clerk of the Circuit Court of Fayette County, Kentucky, referencing Case No. 14-CR-120-2.

4. Mobley's Motion to Challenge Jurisdiction [Record No. 3] is **DENIED**.

This 22nd day of May, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge